Cayre v Pinelli (2019 NY Slip Op 04102)





Cayre v Pinelli


2019 NY Slip Op 04102


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Friedman, J.P., Gische, Tom, Webber, Gesmer, JJ.


161708/14 9435N 9434

[*1] Steven J. Cayre, Plaintiff-Appellant,
v
Massimo Pinelli, etc., et al., Defendants-Respondents.


Stroock & Stroock & Lavan LLP, New York (Kevin L. Smith of counsel), for appellant.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Steven D. Sladkus of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered January 3, 2018, which denied plaintiff's motion to hold defendant in contempt for violating a so-ordered settlement stipulation and for specific performance of that stipulation, and order, same court and Justice, entered on or about July 19, 2018, to the extent it denied plaintiff's motion to renew, unanimously affirmed, without costs.
Given defendant's substantial compliance with the so-ordered stipulation and what the record shows was inadvertence with respect to the one item not completed, plaintiff failed to establish a basis on which to hold defendant in civil contempt (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]). Further, plaintiff failed to show by clear and convincing evidence that even the one alleged deficiency in defendant's compliance was the source of any other or further leaks into his condominium unit, and therefore failed to show prejudice to his rights from any such noncompliance (see id.).
Plaintiff is not entitled to specific performance, because defendant made reasonable, and ultimately successful, attempts to remediate subsequent leaks.
Nor was plaintiff entitled to renewal, as the facts he presented on the motion to renew were immaterial to the court's decision.
Plaintiff is not a prevailing party for purposes of the fee-shifting provision in the stipulation, because he did not prevail with respect to the central relief he sought (see Blue Sage Capital, L.P. v Alfa Laval U.S. Holding, Inc., 168 AD3d 645, 646 [1st Dept 2019]). He did not prevail with respect to contempt (nor should he have prevailed) or specific performance.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK